SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

TRUCKEE SHOWBOAT, Inc., Defendant.

Civ. A. No. 901-57.

United States District Court
S. D. California,
Central Division.
Nov. 22, 1957.

Arthur E. Pennekamp, Regional Admr., San Francisco, Cal., F. E. Kennamer, Jr., San Francisco, Cal., Marvin Greene, Washington, D. C., for plaintiff.

Howard C. Ellis, San Francisco, Cal., for defendant.

BYRNE, District Judge.

Plaintiff's motion for preliminary injunction having come on for hearing before this Court sitting without a jury on the fifth day of September, 1957, the Court hereby makes the following Findings of Fact and Conclusions of Law, and Judgment:

### Findings of Fact

1. From June 18, 1957, through September 5, 1957, defendant Truckee Showboat, Inc. offered to sell its common capital stock, $1,000 par value, to residents of the State of California through the use of the United States mails. No sales of securities were made pursuant to said offer.

2. No registration statement with respect to said securities has been filed with plaintiff Securities and Exchange Commission or is in effect. Defendant relief upon the "intrastate exemption" from registration set forth in Section 3 (a) (11) of said Act (15 U.S.C.A. § 77c (a) (11) ).

3. Said offer was made pursuant to a permit duly granted by the Commissioner of Corporations of the State of California. Defendant filed an application with said Commissioner for extension of its permit which was pending on the date of the hearing herein.

4. Defendant corporation was duly organized in, and keeps its books and records in, the State of California. All its directors and officers are residents of the State of California.

5. Defendant corporation's said offer to sell was made by means of an advertisement inserted in the Los Angeles Times issue of June 18, 1957. Copies of said issue containing said advertisement were duly placed in the United States mails by said newspaper to various of its subscribers.

6. Defendant corporation offered to sell, in said advertisement, 4,080 shares at $1,000 per share exclusively to bona fide residents of the State of California. The proceeds from said sales, less a selling commission of 20%, were to be used to acquire, refurbish and operate the El Cortez Hotel in the City of Las Vegas, State of Nevada.

7. Defendant corporation owns a wholesale pharmaceutical business in the City and County of San Francisco. The balance sheet of said pharmaceutical business indicates it had total assets as of August 31, 1957, of $12,629.59. The pharmaceutical business is not related to the primary business of the corporation.

8. Defendant's counsel represented in open court that defendant's option to purchase said El Cortez Hotel had expired on August 1, 1957, that defendant had no present intention to sell its stock, and that he would: (a) forthwith request the withdrawal from said California Commissioner of Corporations of defendant's said application for extension of permit to issue and sell securities; (b) notify plaintiff Securities and Exchange Commission of any further applications to said Corporation Commissioner for permits to issue and sell securities; and (c) in the event he is discharged or leaves as attorney for defendant, that he would so notify plaintiff Securities and Exchange Commission. Said request for withdrawal was made on September 10, 1957, and said application for extension of permit to issue and sell securities has been withdrawn.

### Conclusions of Law

■ 1. Defendant made an offer of said securities within the meaning of Section 5(c) of the Securities Act of 1933, as amended (15 U.S.C.A. § 77(e) (c)).

■ 2. Under the facts set forth in the Findings of Fact, the exemption from registration of Section 3(a) (11) is and was not available to defendant.

3. Said offer of securities was and is in violation of Section 5(c) of said Act.

4. Under the present facts as they exist there is no need for a preliminary injunction herein.

.· Judgment

In accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby Ordered, Adjudged and Decreed:

Defendant's counsel having undertaken to notify plaintiff of any further application to the California Corporation Commissioner for permits to issue and sell securities and to notify plaintiff if he is discharged or leaves as attorney for defendant, the motion for preliminary injunction is denied.